[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 7, 1997
The plaintiff, J. Iapaluccio, Inc., has moved for articulation of this court's memorandum of decision dated December 2, 1995, as to the commencement date of the court's award of statutory interest. The plaintiff's motion is granted.
The plaintiff commenced this action against the defendant, the City of Torrington, for breach of contract arising out of the defendant's alleged award and subsequent revocation of a construction contract for a certain municipal project. The court (Moraghan, J.) granted the plaintiffs motion for summary judgment as to liability only, finding that the defendant breached a valid and binding contract with the plaintiff. Evidence adduced at summary judgment demonstrated that on June 3, 1994, the plaintiff, in response to an invitation to bid circulated by the defendant, submitted a bid for the project. The defendant accepted the plaintiffs bid and awarded the plaintiff the contract for the construction of the project by letter dated June CT Page 2679 7, 1994. However, the defendant later rescinded the contract by letter dated June 28, 1994, and awarded the project to an entity that had not submitted a bid during the open bidding process.
After a hearing in damages on October 29, 1996. this court, in a memorandum of decision dated December 2, 1996, awarded the plaintiff $184,195 in lost profits damages, based on bid price less the cost of performance, but rejected the plaintiff's claim for "additional cost savings." In the last sentence of its memorandum, the court also awarded "statutory interest." The plaintiff now seeks articulation of the commencement date of such interest.
Parties claiming damages for breach of contract must have a statutory basis for a claim of prejudgment interest. Foley v.Huntington Co., 42 Conn. App. 712, 739, 682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996), citing Westport TaxiService, Inc. v. Westport Transit District, 235 Conn. 1, 36-44,664 A.2d 719 (1995). General Statutes § 37-3a provides that: "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable."
"The allowance of prejudgment interest as an element of damages is an equitable determination and a matter lying within the sound discretion of the trial court . . . Before awarding interest, the trial court must ascertain whether the defendant has wrongfully detained money damages due the plaintiff . . . Interest on such damages usually begins to run from the time it is due and payable to the plaintiff . . . The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of an arbitrary rule." (Citations omitted; internal quotation marks omitted.) BlakesleeArpaia Chapman, Inc. v. EI Constructors, Inc., 239 Conn. 708,734-35 (1997).
In the present case, the court concludes that the defendant did not wrongfully detain funds due the plaintiff prior to the entry of judgment against the defendant. The statutory language indicates that wrongful detention occurs when money is detained "after it becomes payable." General Statutes § 37-3a; see alsoBlakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc., supra,239 Conn. 734-35. The facts of this case demonstrate that at the time the defendant rescinded the contract, the defendant did not CT Page 2680 owe the plaintiff any money because under a contract for construction services, money would become payable only once the plaintiff began to perform its designated construction tasks. The breach in this case occurred long before any performance was set to begin. Therefore, since no money had become payable to the plaintiff at the time of the breach, there was no wrongful detention at that time. Furthermore, the lost profits figure ultimately awarded to the plaintiff was not a liquidated amount under the terms of the contract, but a figure determined by the court after a hearing in damages. Therefore, the amount now owed for lost profits did not become payable to the plaintiff until this court ascertained that the amount was owed and awarded such amount on December 2, 1995.
"Prejudgment interest pursuant to § 37-3a has been applied to breach of contract claims for liquidated damages, namely, where a party claims that a specified sum under the terms of a contract, or a sum to be determined by the terms of the contract, owed to that party has been detained by another party . . . It has also been applied to breach of contract claims where the partial performance of one party caused the other party specific damages . . . or to debts that had matured without payment . . . or to claims for consequential damages." (Citations omitted.)Foley v. Huntington Co., supra, 42 Conn. App. 740. As recited above, the present case does not involve liquidated damages, partial performance rendering money due, matured debts, or foreseeable consequential damages. Rather, the Appellate Court's conclusion in Foley applies to the present case: "[t]he damages for the breach of contract in this case are similar to damages in a personal injury claim in negligence where a party is seeking to be made whole for the loss caused by another. The damages claimed and awarded to the plaintiff were for the loss of the benefit of his bargain. [Here], neither party claimed to have performed fully or substantially under the contract so as to invoke the other's obligation to pay a liquidated sum or provide services under the contract." Foley v. Huntington Co., supra, 742. Likewise, the plaintiff has been awarded damages for lost profits to make it whole as if the contract had been performed, rather than payment due for services rendered.
In view of the foregoing, the court declines to award the plaintiff any prejudgment interest on its claims under General Statutes § 37-3a, and awards interest on the full amount of the damage award, $184,195, to run from the date of judgment on December 2, 1995. CT Page 2681
GROGINS, J.